# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Tyjuan Devon Gray,

                Petitioner,      Case No. 19-cv-11288

v.                                  Judith E. Levy
                                      United States District Judge

Warden, Dodge Correctional
Institution,                        Mag. Judge Mona K. Majzoub

                Respondent.

_____/

# OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE [1], DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Wisconsin inmate Tyjuan Devon Gray files this petition for writ of habeas corpus under 28 U.S.C. §2254. (Dkt. 1.) Gray does not disclose the basis for his current imprisonment in Wisconsin (*id.* at 15–16), but it appears that he pleaded guilty to three offenses in the Wayne Circuit Court.[1] (*Id.* at 1–2.) He indicates that he has not pursued any form of

---

[1] Although Gray states that his place of confinement is Wayne County Jail (*id.* at 1), the return mailing address on the envelope accompanying his petition is the Dodge Correctional Institution in Wisconsin. (*Id.* at 15)

appellate or collateral relief with respect to these convictions. (*Id.* at 2–13.) Gray does not raise any substantive claims in his petition; he only states that he seeks "to go in front of Judge Walker for my 3 counts of conviction to discuss reinstating probation for the following counts." (*Id.* at 14.)

After a petition for writ of habeas corpus is filed, a federal district court undertakes preliminary review to determine whether "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If a court determines that the petitioner is not entitled to relief, it must summarily dismiss the petition. *Crump v. Lafler*, 657 F.3d 393, 398 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)).

A federal habeas petitioner must exhaust remedies available to him in the state courts before filing his petition. § 2254(b)(1), (c). To exhaust a claim, a petitioner must fairly present the federal claim and then utilize one full round of state appellate review, which includes an appeal to the state appellate and supreme courts. *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015) (citing cases). The federal district court can raise exhaustion on its own when it is clear that the habeas claims have not

been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987) (citing cases).

Here, Gray did not exhaust his state court remedies with respect to any potential habeas claims because he never appealed his state court convictions. He appears to have a motion for relief from judgment and other related state remedies available to him under Michigan Court Rules 6.501–509 because he denies that he ever filed for any form of state post-conviction relief. Therefore, the Court must dismiss the petition because Gray has failed to exhaust his state court remedies.

Accordingly, the petition for a writ of habeas corpus (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**; a certificate of appealability is **DENIED** because Gray has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and permission to appeal in forma pauperis is **DENIED** because any appeal of this order would be frivolous, 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: May 20, 2019　　　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 20, 2019.

s/Shawna Burns<br>
SHAWNA BURNS<br>
Case Manager